IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL RUSSELL and LINDA TODD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AREA AUTO GLASS & TRIM, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiffs Michael Russell and Linda Todd ("Plaintiffs"), bring this action against Defendant Area Auto Glass & Trim, Inc., ("Defendant"), for willfully violating the Fair and Accurate Credit Transactions Act, ("FACTA"), amendment to the Fair Credit Reporting Act, ("FCRA"), in failing to truncate at all their respective VISA card's account numbers and expiration dates on electronically printed receipts provided to them at the point of sales.

2. "FACTA was intended to 'protect consumers from identity thieves' and 'to limit the number of opportunities for identity thieves to 'pick off' key card account information.'" *Barbieri v. Redstone Am. Grill, Inc.*, 07 C 5758, 2009 U.S. Dist. LEXIS 9309 * 3-4 (N.D. Ill. Feb. 6, 2009) (*quoting* S. Rep. No. 108-166, at 3 (2003)); *Cicilinnev. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Harris v. Mexican Specialty Food, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009)).

3. The purpose of this truncation requirement is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their

identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

4. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as carders and dumpster divers. This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, Identity Theft Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way, Wall Street Journal, Oct. 5, 2006, p. B1.

5. To curb this means of identity theft, Congress prohibited merchants who accept credit cards and debit cards from printing and providing at the point of sales or transaction electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

6. A plaintiff however need not demonstrate that he or she was a victim of identity theft to prevail on a claim for statutory damages under the FCRA upon a showing that a defendant willfully violated 15 U.S.C. § 1681c(g). *See Murray v. GMAC Mortg. Corp.,* 434 F.3d 948 (7th Cir. 2006).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. § 1681p (FCRA).

8. Venue is proper because the location subject to this lawsuit because Defendant's business that provided Plaintiffs their respective receipts is located within the District.

## PARTIES

9. Plaintiffs are natural persons residing in the State of Illinois.

10. Defendant Area Auto Glass & Trim, Inc., is a for profit company incorporated under the laws of Illinois. The Illinois Secretary of State states that service of process can be made on its registered agent in Illinois and his address is Guerrero Gonzalez, 1634 S. Cicero Ave., Cicero, Illinois 60804.

## FACTS

11. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

12. One provision of FACTA, codified as 15 U.S.C. § 1681c(g)(1), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1).

13. With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

14. With respect to point of sale machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

15. VISA, MasterCard, the PCI Security Standards Council a consortium founded by VISA, MasterCard, Discover, American Express and JCB companies that sell cash

registers and other devices for the processing of credit or debit card payments, and other entities informed merchants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of card's account numbers and expiration dates, and the need to comply with the same.

16. The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

17. On information and belief, Defendant in obtaining the right to accept credit and debit cards contractually agreed to abide by FACTA.

18. In response to FACTA being passed companies that provide point of sales terminals and software such as Hartland Payment Systems, Inc., issued booklets and provided in billing statements information that the merchants were to ensure that their point of sales terminals were not printing any expiration dates or more than the last four numbers of the credit card or debit card account number.

19. Likewise, in June of 2008 Chase Paymentech a/k/a First Data provided in its billing statement to its merchant clients who accepted credit and debit cards a detailed explanation of the merchant's duties to truncate the card's account number and expiration date under the FACTA Clarification Act of 2008.

20. On information and belief, the entity that had provided Defendant's point of sales terminals, software and/or processed Defendant's credit card and debit card transactions would have made Defendant aware of its obligation to truncate the card's account number and expiration date on receipts prior to the non-FACTA compliant receipts being provided to Plaintiffs.

21. Additionally, the August 12, 2006, edition of Rules for Visa Merchants (p. 62),

which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that only the last four digits of an account number should be printed on the customer's copy of the receipt and the expiration date should not appear at all. These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

22. Defendant accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

23. As such, on information and belief, Defendant would have actual notice of the truncation requirements under FACTA.

24. In May 2007, the Federal Trade Commission issued a business alert informing businesses that they, "must delete the [credit and debit] card's expiration date" and For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

> ACCT: ***********12345
> EXP: ****

FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts. *Available at* http://www.ftc.gov/bcp/edu/pubs/business/alerts/alt007.shtm

25. The May 2007 FTC business alert was also posed on the Better Business Bureau's website. *Available at* http://www.bbb.org/us/article/4425

26. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement.

Defendant could have readily done the same.

27. Defendant's place of business uses one or more cash registers and/or other machines or devices that electronically print receipts for all credit card and debit card transactions that occurred at the location.

28. On June 4 2011, Plaintiff Michael Russell presented his VISA card for payment of his bill. He was provided a receipt printed on yellow paper. A redacted copy of the receipt is attached hereto as Exhibit A.

29. The receipt Plaintiff Michael Russell received at the point of sales is identified as a "Merchant Copy".

30. The transaction record, that was directly on top of the yellow receipt to which Plaintiff Michael Russell signed, which was kept by Defendant was white in color and contained the same information as the "Merchant Copy", specifically the card's full account number and expiration date.

31. On July 21, 2011, Plaintiff Linda Todd presented her VISA card for payment of her bill. She was provided a receipt printed on yellow paper. A redacted copy of the receipt is attached hereto as Exhibit B.

32. The receipt Plaintiff Linda Todd received at the point of sales is identified as a "Merchant Copy".

33. The transaction record, that was directly on top of the yellow receipt to which Plaintiff Linda Todd signed, which was kept by Defendant was white in color and contained the same information as the "Merchant Copy", specifically the card's full account number and expiration date.

34. The point of sales terminal that Defendant used to create a duplicate copy of

the receipts with one being kept by the merchant and a duplicate being provided to the customer that contains the exact same information, specifically the card's full account number and expiration date is antiquated and almost all businesses have scrapped because it does not comply with FACTA.

35. Apparently, Defendant choose to kept the antiquated point of sales terminal in order to save the costs of purchasing a replacement point of sales terminal and the software needed to operate that new terminal.

36. Defendant knew or should have know that printing a full account number on receipts provided to cardholders at the point of sale was not done by other businesses.

37. The printing of the full account number on each Plaintiff's respective receipt was caused by a tag field, which is an instruction code in the point of sales terminal's software, that's programmed to obtain information from the debit or credit card and display that information in a specific filed.

38. In this case, Defendant's point of sales terminal contained a code for it to obtain the full account number of each cardholder's debit or credit card and print that number on a receipt.

39. The printing of the card's full account number on a receipt does not happen by accident, it requires the point of sales terminal to be intentionally programmed to do so.

40. The printing of the expiration date on each Plaintiff's respective receipt was caused by a tag field, which is an instruction code in the point of sales terminal's software, that's programmed to obtain information from the debit or credit card and display that information in a specific filed.

**VIOLATION ALLEGED**

41. Paragraphs 1 – 40 are incorporated herein.

42. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" as defined by FACTA.

43. Defendant did not comply with 15 U.S.C, §1681c(g)(1), which provides that:

> ... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number *or the* expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. §1681c(g)(1).

44. Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal. Apr. 5, 2007); accord, *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782 (N.D. Ill. 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.,* 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Follman v. Village Squire, Inc.*, 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D. Ill., Dec. 18, 2007); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D. Nev. Dec. 3, 2007).

45. Defendant's conduct complained of herein was willful as it knew of should have known that its act of printing the full credit card account number and expiration date on receipts that were provided to the cardholder violated FACTA.

WHEREFORE, Plaintiff request this Honorable Court to enter judgment in favor of Plaintiffs for:

a. Statutory damages;

      b.      Punitive damages, if the evidence warrants;

      c.      Attorney's fees and costs; and

      d.      Any other relief this Court deems as appropriate.

      Respectfully submitted,

      <u>s/ Curtis C. Warner</u>
        Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Ave. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com



\* REDACTED CARD'S
ACCOUNT NUMBER
AND EXPIRATION DATE

EXHIBIT A



\* REDACTED CARD'S ACCOUNT NUMBER AND EXPIRATION DATE

EXHIBIT B